IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMANUEL SAENZ-CARMONA,

    Petitioner,

v.                                                                         No. 25-cv-0202-KWR-GJF
                                                                                     No. 22-cr-1168 KWR-GJF

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION AND ORDER

        This matter comes before the Court based on Petitioner Emanuel Saenz-Carmona's failure to prosecute his Motion to Vacate Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 52) (Motion). Petitioner was incarcerated in Bureau of Prisons (BOP) custody when he filed this case. After his release from BOP custody, Petitioner severed contact with the Court in violation of D.N.M. Local Civil Rule 83.6. *See* https://www.bop.gov/inmateloc/ (reflecting that Petitioner was released from BOP custody on October 17, 2025). By an Order entered November 12, 2025, the Court directed Petitioner to provide an updated address within thirty days. *See* Doc. 5; D.N.M. Local Civil Rule 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses"). The Order warns that the failure to timely comply may result in dismissal of the Motion without further notice, and any future § 2255 motions may be time-barred.

        The deadline to provide an updated address expired on December 12, 2025. Plaintiff did not comply, show cause for his failure, or otherwise respond to the Order. Accordingly, the Court

will dismiss the Motion pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  The dismissal will be entered without prejudice to refiling.  However, the Tenth Circuit holds that where a Rule 41 ruling can be construed as a dismissal with prejudice - based on the potential statute of limitations - courts must weigh the factors set forth in *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).  The Court is not convinced *Ehrenhaus* applies under the circumstances of this case.  This is not a situation where the movant filed a timely claim, but the claim would be time-barred if filed anew.  The instant § 2255 Motion was already time-barred when Petitioner filed this case.  The criminal Judgment (CR Doc. 43) was entered on May 24, 2023 and became final on June 8, 2023, the first day after expiration of the 14-day direct appeal period.  *See United States v. Mathisen,* 822 Fed. App'x 752, 753 (10th Cir. 2020) ("For purposes of § 2255, … [the] criminal conviction became final when his time for filing a direct appeal expired—fourteen days after the district court entered its judgment of conviction").  The one-year habeas limitation period expired on June 8, 2024.  *See* 28 U.S.C. § 2255(f)(1) (absent tolling, a § 2255 motion must be filed within one year after the judgment becomes final).  Petitioner filed the Motion over eight months later, on February 26, 2025.  He will therefore be in the same situation after dismissal as he was when he filed this case.

      Alternatively, even if *Ehrenhaus* does apply, the factors support a dismissal in this case.  The factors include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center*,


492 F.3d 1158, 1162 (10th Cir. 2016). The prior Order contains a dismissal warning, and Petitioner is culpable for severing contact with the Court following his release. *See Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1265 (10th Cir. 1999) (dismissing appeal and noting *pro se* parties "bear the burden of filing notice of a change of address"); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018) (affirming Rule 41 dismissal and noting the inmate-plaintiff is "solely responsible for his failure to update his address"). The alternative to dismissal - which is *sua sponte* excusing Petitioner's failure to prosecute and waiting to see if he reestablishes contact - would materially interfere with the Court's ability to enforce Orders and close inactive cases. Lesser sanctions will not work here, as Petitioner severed contact. Moreover, Respondent will be prejudiced if the Court requires an answer to a motion that Petitioner is no longer prosecuting. In sum, dismissal is appropriate under the circumstances of this case.

The Court will finally deny a certificate of appealability (COA) under Habeas Corpus Rule 11 - as the failure to prosecute this case is not reasonably debatable - and deny Petitioner's pending Motion to Appoint Counsel (CV Doc. 2) as moot. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA issues in state habeas cases where "reasonable jurists would find the district court's assessment … debatable or wrong"); *DeAtley v. Williams,* 782 Fed. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed a habeas filing for failure to prosecute under Rule 41).

**IT IS ORDERED** that Petitioner Emanuel Saenz-Carmona's Motion to Vacate Under 28 U.S.C. § 2255 (**CV Doc. 1; CR Doc. 52**) is **DISMISSED without prejudice**; his Motion to Appoint Counsel (**CV Doc. 2**) is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

                                               /S/
                                    HON. KEA RIGGS
                                    UNITED STATES DISTRICT JUDGE